# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LAVELLE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LANE,<br><br>    Defendant.<br>_____/ | CASE NO.   1:10-cv-2212-MJS (PC)<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND FAILURE TO PAY FILING FEE<br><br>CLERK SHALL CLOSE THE CASE |

Plaintiff Eric Lavelle Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to magistrate judge jurisdiction on January 18, 2011 and no other party has appeared. (ECF No. 14.)

On February 7, 2011, a court order was returned by the United States Postal service as undeliverable.  Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned and Plaintiff has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must

1 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)
2 the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
3 public policy favoring disposition of cases on their merits; and (5) the availability of less
4 drastic sanctions.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v.
5 King, 856 F.2d 1439</u> (9th Cir. 1988).  The Court finds that the public's interest in
6 expeditiously resolving this litigation and the Court's interest in managing the docket weigh
7 in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on
8 Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to the
9 defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
10 occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542
11 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases
12 on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.
13 Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure
14 to keep the Court apprised of his current address, no lesser sanction is feasible.

15 　　Additionally, on January 7, 2011, the Court ordered Plaintiff to either submit an
16 application to proceed in forma pauperis or pay the $350.00 filing fee by January 31, 2011.
17 A civil action may not proceed absent the submission of either the filing fee or the grant of
18 in forma pauperis status.  28 U.S.C. §§ 1914, 1915.  Because Plaintiff has neither applied
19 to proceed in forma pauperis nor paid the filing fee, dismissal of this action is appropriate.
20 <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th
21 Cir. 2006); Local Rule 11-110.

22 　　Accordingly,  this action is HEREBY DISMISSED without prejudice based on
23 Plaintiff's failure to prosecute and failure to pay the filing fee.  The Clerk shall close the
24 case.

25

26 IT IS SO ORDERED.

27 Dated:   April 21, 2011                      /s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
28